IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>        Plaintiff,<br><br>v.<br><br>KASPERSKY LAB, INC.,<br><br>        Defendant. | Civil Action No. 2:19-cv-00219<br><br>**Defendant Kaspersky Lab, Inc.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)** |

## <u>DEFENDANT KASPERSKY LAB, INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)</u>

### Introduction

Defendant Kaspersky Lab, Inc. moves to dismiss Plaintiff Uniloc 2017 LLC's complaint under Fed. R. Civ. P. 12(b)(6) for violating the rule against claim splitting.[1] When the same claims are asserted a second time by the same party against the same defendant in the same court, the rule against claim splitting authorizes dismissal of the second action. Claim splitting is a sub-category of claim preclusion that aims to "protect the defendant from being harassed by repetitive actions based on the same claim." *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 72 F. Supp. 3d 989, 993-94 (N.D. Cal. 2014). Unlike claim preclusion, however, no final judgement on the merits is required. Rather, "what is required in the context of a claim-splitting analysis is to assume that the first suit was final, and then determine if the second suit could be precluded." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1059 (S.D. Cal. 2007).

---

[1] The parties will be referred to as Uniloc 2017 and Kaspersky Lab.

The same two patents asserted against Kaspersky Lab in this case, US 6,324,578 and 7,069,293,[2] have already been asserted in this District on behalf of Uniloc 2017's predecessors-in-interest, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. The infringement allegations in both cases target the same Kaspersky Lab software. Hence, the two actions by Uniloc entities against Kaspersky Lab have created the very situation that the rule against claim splitting aims to prevent—needlessly duplicative litigation.[3]

**1.   Background**

    **A.   The same infringement claims have been asserted in two actions**

*Uniloc 2017* describes the same accused products as in *Uniloc USA*—the Kaspersky "software and licensing delivery system." The paragraphs that describes Kaspersky Lab software are the same in both complaints. Complaint at ¶¶ 12-20, *Uniloc USA;* Complaint at ¶¶ 12-20, *Uniloc 2017*. The same eight screen shots of Kaspersky software appear in both complaints. Complaint at ¶¶ 12-19, *Uniloc USA*; Complaint at ¶¶ 12-19, *Uniloc 2017*. The only difference is that the screenshot after paragraph 20 in *Uniloc USA* seems to have been mistakenly omitted from paragraph 20 in *Uniloc 2017*.

The sections in both complaints that allege infringement also present only slight differences. In *Uniloc USA*, Kaspersky Lab is referred to as "Defendant"; in *Uniloc 2017*, Kaspersky Lab is called "Kaspersky." But the infringement allegations follow the same pattern in both complaints. The initial paragraph alleging infringement of the '578 and '293 patents are

---

[2] The two patents asserted in both cases will be referred to as the '293 and '578 patents.

[3] For ease of reference, the first case, *Uniloc USA, Inc. v. Kaspersky Lab, Inc.* No. 2:16-cv-871-RWS and its consolidated lead case *Uniloc USA, Inc. v. AVG Techs. USA, Inc.* No. 2:16-cv-393-RWS will be referred to as *Uniloc USA*; the present case will be referred to as *Uniloc 2017*.

the same in both cases, except as noted in this table:

| '578 patent | | '293 patent | |
|---|---|---|---|
| *Uniloc USA* | *Uniloc 2017* | *Uniloc USA* | *Uniloc 2017* |
| ¶ 37 | ¶ 21: Identical except lists only "at least Claim 1" instead of multiple claims | ¶ 45 | ¶ 33: Identical except lists only "at least Claim 1" instead of multiple claims |

In the '578 section of the complaint in *Uniloc USA*, paragraphs 38 and 39 correspond exactly with paragraphs 22 and 28 of *Uniloc 2017*; in the '293 sections of *Uniloc USA*, paragraphs 46 and 47 correspond exactly with paragraphs 34 and 40 of *Uniloc 2017*.

Where the wording of the infringement allegations in *Uniloc 2017* is new, these allegations are directed against the same "Kaspersky software licensing and delivery system" described in the paragraphs 12-22, 28, 33, 34, and 40 borrowed from *Uniloc USA*. Further, *Uniloc 2017* even cites *Uniloc USA* to support the allegations that Kaspersky Lab is on notice of the '578 and '293 patents. Complaint, *Uniloc 2017* at ¶¶ 27, 39.

      **B.**      **Uniloc 2017 is the successor-in-interest to the Uniloc entities that prosecuted *Uniloc USA* against Kaspersky Lab**

While *Uniloc USA* was on appeal, the patent owners Uniloc USA and Uniloc Luxembourg assigned all rights in the '293 and '578 patents to Uniloc 2017. Corrected Brief Statement of Plaintiffs-Appellants at pp. 1-2, *Uniloc USA, Inc. v. ADP, LLC*, No. 18-1132 (Fed. Cir. March 11, 2019) ECF No. 92.  On the motion of the other Uniloc entities, Uniloc 2017 was joined as a party to the appeal and now appears on the case caption. *Uniloc USA, Inc. v. ADP, LLC*, No. 18-1132 (Fed. Cir. May 24, 2019) ECF No. 97.

    **C.**    **Proceedings in *Uniloc USA* had reached the end of claim construction before the patents were invalidated and then revived on appeal.**

In *Uniloc USA*, a *Markman* hearing was held for all consolidated cases in August 2017. *Uniloc USA, Inc. v. AVG Techs. USA, Inc.*, No. 2:16-cv-393-RWS (E.D. Tex. August 10, 2017) ECF No. 202. Shortly after the hearing, Judge Schroeder issued a claim-construction order on disputed terms. Memorandum Opinion and Order, *Uniloc USA, Inc. v. AVG Techs,, USA, Inc.*, No. 2:16-cv-393-RWS (E.D. Tex. August 16, 2017) ECF No. 210.

About a month later in a related case, Judge Schroeder invalidated all asserted patents—including the '293 and '578 patents—under 35 U.S.C. § 101. *Uniloc USA, Inc. v. ADP, LLC*, No. 2:16-cv-741-RWS (E.D. Tex. September 28, 2017) ECF 267. As a result, judgment of invalidity in favor of Kaspersky Lab was entered in *Uniloc USA*. Order of Judgment of Invalidity of the '466, '766, '293, and '578 Patents, *Uniloc USA, Inc. v. AVG Techs., USA, Inc.*, No. 2:16-cv-393-RWS (E.D. Tex. January 4, 2018) ECF No. 275. The Uniloc entities filed a notice of appeal. *Id.,* ECF No. 279. The Federal Circuit reversed in part and revived the '293 and '578 patents. *Uniloc USA, Inc. v. ADP, LLC*, No. 18-1132 (Fed. Cir. May 24, 2019).

About two weeks later, Uniloc 2017 filed this action on June 12, 2019.

This month, the Federal Circuit denied a petition for rehearing and its mandate issued on July 18, 2019. *Uniloc USA, Inc. v. ADP, LLC,* No. 2:16-cv-741-RWS (E.D. Tex. July 18, 2019) ECF No. 321.

**2.**    **Argument: the rule against claim splitting applies because Uniloc 2017 is a successor-in-interest asserting the same claims as in *Uniloc USA***

The rule against claim splitting was adopted by the Fifth Circuit in *Super Van Inc. v. City of San Antonio,* 92 F.3d 366 (5th Cir. 1996). The rule is triggered when the same parties are

litigating claims arising out of the same transaction in separate lawsuits. "The second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.,* 273 Fed. Appx. 256, 265 (4th Cir. 2008) (citations and internal quotations omitted); *FDIC v. Nelson,* 19 F.3d 15, 1994 WL 93409, at *2 n. 5 (5th Cir. Mar.15, 1994) (per curiam) (unpublished table decision) (holding that Fifth Circuit applies the "same transaction" test to determine whether a single claim has been split). An object of the rule is "to protect the defendant from being harassed by repetitive actions based on the same claim." *Super Van Inc.,* 92 F.3d at 371.

In a patent case, the focus is on whether the accused device is the same as the accused device in a prior action between the parties. *Foster v. Hallco Mfg. Co.* 947 F.2d 469, 477-79 (Fed. Cir. 1991). Although the accused products need not be exactly the same, they must be "essentially the same." *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008). Accused devices are essentially the same where the differences between them are merely "colorable" or "unrelated to the limitation in the claim of the patent." *Acumed* at 1324; *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479-80 (Fed. Cir. 1991).

The infringement allegations asserted in *Uniloc 2017* concern the same accused device—Kaspersky Lab's "software licensing and delivery system"—as that accused of infringement in *Uniloc USA*. The same screenshots used in the *Uniloc USA* complaint to describe the accused Kaspersky software are used again in *Uniloc 2017*. Hence, the accused device is not only essentially the same, it is exactly the same.

The rule against claim splitting applies not only to parties, but also to non-parties in privity with them. *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265-66 (5th Cir. 1990). Privity exists where a non-party is a successor-in-interest. *Meza* at 1266. Plaintiff Uniloc 2017 is the

successor-in-interest to the patent owners in *Uniloc USA* by virtue of the assignment in May 2018. Thus, Uniloc 2017 should be considered to be the same party as Uniloc USA for purposes of claim splitting.

Under these circumstances, the rule against claim splitting applies because both the same-transaction test and the same-party test have been met. Dismissal of Uniloc 2017's complaint is also the right outcome in view of the extensive proceedings that have already taken place in *Uniloc USA*. That case had progressed past the *Markman* stage before it went up on appeal. This is a not a situation where the first-filed action is procedurally in a similar posture as the second. Rather, Plaintiff Uniloc 2017 should be required to pursue its claims by seeking joinder as a party in *Uniloc USA* and its duplicative complaint against Kaspersky Lab should be dismissed. Uniloc 2017 should not be permitted to harass Kaspersky Lab with multiple suits on the same claim—nor should Uniloc 2017 be allowed to delay resolution of its claims by starting a new suit.

## Conclusion

This case presents an example of the kind of claim splitting that should be discouraged. Uniloc 2017's complaint merely rehashes the complaint filed in 2016 alleging infringement of the same '293 and '578 patents. Although Plaintiff Uniloc 2017 is not identical to the Uniloc entities in first case, Uniloc 2017 is their successor-in-interest and the rule against claim splitting applies with equal force. Kaspersky Lab respectfully requests dismissal of Uniloc 2017's complaint.

| | |
|---|---|
| Dated:  July 23, 2019 | Respectfully submitted,<br>ZUBER LAWLER & DEL DUCA LLP<br><br>*/s/ Melissa R. Smith*<br>Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: melissa@gillamsmithlaw.com<br><br>*Of Counsel:*<br><br>Casey A. Kniser, Esq.<br>  *CKniser@zuberlawler.com*<br>350 S. Grand Avenue, 32nd Floor<br>Los Angeles, California 90071   USA<br>Phone: (213) 596-5620<br>Fax:    (213) 596-5621<br><br>Attorneys for Defendant **KASPERSKY LAB, INC.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 23, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith